1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 ARDEN MARIE SELS, | Case No. 24-cv-1556-BAS-MMP |
| 12                                    Plaintiff, | |
| 13      v. | **ORDER STAYING CLAIMS AGAINST EXPERIAN PENDING ARBITRATION** |
| 14 AFFIRM, INC.; EXPERIAN INFORMATION SOLUTIONS, INC., | |
| 15 | |
| 16                              Defendants. | |

17        A little over a month ago, Plaintiff Arden Marie Sels ("Plaintiff" or "Sels") and

18 Defendant Affirm, Inc. ("Affirm") jointly moved the Court, in accordance with 9 U.S.C.

19 § 3, to submit all of Plaintiff's claims against Affirm to binding arbitration and to stay all

20 judicial proceedings pursuant to an arbitration agreement between Affirm and Plaintiff.

21 (ECF No. 11.)  The Court granted the joint motion and ordered Plaintiff and Affirm to

22 binding arbitration.  (ECF No. 12.)  Accordingly, all proceedings and deadlines in this

23 action, as they related to Affirm, were stayed pending the conclusion of arbitration.

24        With the claims against one defendant compelled to arbitration, the Court was left

25 to deal with the remaining claims against the other defendant, Experian Information

26 Solutions, Inc. ("Experian").  *See Jenkins v. Sterling Jewelers, Inc.*, 2018 WL 922386, at

27 *7 (S.D. Cal. Feb. 16, 2018) ("[I]f a court finds that the plaintiff asserts both arbitrable and

28 nonarbitrable claims, district courts have 'discretion whether to proceed with the

24cv1556

nonarbitrable claims before or after the arbitration and [have] . . . authority to stay proceedings in the interest of saving time and effort for itself and litigants.'" (quoting *Wilcox v. Ho-Wing Sit*, 586 F. Supp. 561, 567 (N.D. Cal. 1984))); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (holding that the defendant "was not entitled to a stay pursuant to section 3 of the Arbitration Act" on a nonarbitrable claim, but noting that "sound reasons may exist" for the district court to stay the action based on its inherent authority to control its docket). To help it resolve the question, the Court requested supplemental briefing from both Plaintiff and Experian as to whether the Court should stay Plaintiff's claims against Experian while Plaintiff's claims against Affirm were in binding arbitration. The Court requested the parties submit the supplemental briefing on or before November 27, 2024. That day has come and gone, but neither party has submitted anything to the Court, let alone the requested briefing.

Therefore, finding it is in the interest of judicial economy to consider all claims stemming from the same set of facts at one time, and exercising the Court's inherent authority, Plaintiff's claims against Experian are also **STAYED** pending an outcome in Sels and Affirm's arbitration. Within fourteen (14) days of the conclusion of arbitration proceedings, Plaintiff and Experian shall either file a joint request to lift the stay or file a joint motion to dismiss Plaintiff's claims against Experian.

   **IT IS SO ORDERED.**


**DATED: December 3, 2024**

Hon. Cynthia Bashant
United States District Judge

24cv1556